# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### PARKERSBURG DIVISION

RONALD DALE JOHNSON,

                Petitioner,

v.                                         CIVIL ACTION NO. 6:07-cv-00259

DAVID BALLARD,

                Respondent.

### ORDER

Pending before the court is the respondent's Motion for Summary Judgment [Docket 10].This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1). On January 10, 2008, the Magistrate Judge submitted proposed findings of fact and recommended granting the defendant's motion for summary judgment [Docket 19]. After being granted an extension, the petitioner timely filed objections to the proposed findings and recommendation on February 27, 2008 [Docket 22].

I have reviewed *de novo* those portions of the Magistrate Judge's proposed findings and recommendation to which the petitioner objects. The petitioner's only plausible argument is his objection to the citation of *State v. Will*, 122 S.E.2d 742 (W. Va. 1924) for the proposition that "in West Virginia, malice, intent and premeditation can be inferred by the use of a gun alone and that is sufficient to make a finding of premeditation." (Proposed Findings & Recommendation p. 48.) The petitioner points out, in arguing that his conviction for Murder in the First Degree was based on insufficient evidence, that the Supreme Court of Appeals of West Virginia has held in cases

subsequent to *Will* that "it is erroneous in a first degree murder case to instruct the jury that if the defendant killed the deceased with the use of a deadly weapon, then intent, malice, willfulness, deliberation, and premeditation may be inferred from that fact, where there is evidence that the defendant's actions were based on some legal excuse, justification, or provocation." *State v. Jenkins*, 443 S.E.2d 244, 252 (W. Va. 1994). While the petitioner's statement of the law as set forth in Jenkins is correct, it does not change the fact that there was ample evidence of premeditation, intent, and malice to support his conviction for first-degree murder. (*See* Proposed Findings & Recommendation p. 15-16, 22-23.) In other words, the petitioner's conviction did not rely on the improper use of a presumption.

The remainder of the petitioner's objections being meritless, the court **ADOPTS** the Magistrate Judge's proposed findings and recommendation, **GRANTS** the respondent's motion as to all exhausted grounds for relief, and **DISMISSES** the petitioner's petition for habeas relief on all unexhausted claims.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   March 11, 2008

Joseph R. Goodwin, Chief Judge